IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned January 5, 2011


IN RE LINDSEY N. L.


**Appeal from the Juvenile Court for Cocke County**
**No. J-027      John A. Bell, Judge**

_____

**No. E2010-01252-COA-R3-JV - FILED JANUARY 5, 2011**

_____


In this child support matter, the mother filed a motion for contempt after the father failed to pay the minor child's medical bills and insurance expenses as ordered by the trial court. After being found by the trial court to be in contempt, the father requested a new trial or an amendment of the judgment. The trial court denied the request and the father appealed from that order. The State of Tennessee, on behalf of the mother, moved to dismiss the appeal, asserting that it was prematurely filed. Upon our review of the record, we find that the father has appealed from an order that does not resolve all the claims against him. Accordingly, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

**HERSCHEL P. FRANKS, P.J., CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ.**
Charlotte Ann Leibrock, Newport, Tennessee, for the appellant, Anthony H.

Robert E. Cooper, Jr., Attorney General and Reporter, and Marcie E. Greene, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee, ex rel. Sheila A. G.


**MEMORANDUM OPINION[1]**

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

## BACKGROUND

On April 8, 2008, the father was ordered to pay his share of medical bills as well as his share of insurance expenses. When the father failed to pay anything toward the arrearages, the mother filed a motion for contempt. On November 17, 2009, the trial court found the father to be in contempt, specifically reserving the issues of sentencing and punishment for contempt and the father's liability for medical bills and insurance co-pays and premiums. The father subsequently moved for a new trial or to amend the judgment. On May 6, 2010, the trial court denied the motion for a new trial or to amend judgment.

The order from which the father appeals denied his request for the trial court to reconsider the November 17, 2009 order finding him in contempt. That order reserved several issues for future consideration. Thus, the father has not appealed from a final judgment. A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable . . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this appeal was taken from an order that was not a final judgment, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

## CONCLUSION

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellant, Anthony H.

## PER CURIAM